Lin v. Sessions

BIA
Christensen, IJ
A205 199 420

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

QI LIN,
*Petitioner,*

v.                                          16-1371
NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Qi Lin, pro se, Brooklyn, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Cindy S.
                       Ferrier, Assistant Director;
                       Tracie N. Jones, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Lin, a native and citizen of the People's Republic of China, seeks review of a March 30, 2016, decision of the BIA, affirming a March 3, 2015, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Lin,* No. A205 199 420 (B.I.A. Mar. 30, 2016), *aff'g* No. A205 199 420 (Immig. Ct. N.Y. City Mar. 3, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed "the IJ's decision as modified by the BIA." *Lianping Li v. Lynch*, 839 F.3d 144, 148 (2d Cir. 2016). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies, reflected in the record, between Lin's testimony and evidence concerning his motivation for leaving China and his wife's residence during her third pregnancy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lin testified that he developed the intent to leave China in November 2011 after converting to Christianity and being attacked by strangers as a result. But he was unable to explain why he obtained an English translation of his birth certificate two months before that date. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). We decline to consider Lin's unexhausted explanation in his

brief—that he intended to leave China long before November 2011—which, in any case, is inconsistent with his testimony that he did not think about leaving until November 2011. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122-23 (2d Cir. 2006). In addition, Lin's application reflecting that his wife resided "at her relative's home outside of [their] town" during her third pregnancy, conflicted with Lin's testimony that she remained in their hometown. The agency was not required to credit Lin's explanation that his wife first hid in their hometown and then went to stay with relatives because it conflicted with his initial testimony and was not a fact he would likely forget. *See Majidi*, 430 F.3d at 80.

Nor do we discern error in the agency's decision to give limited weight to Lin's corroborating evidence. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give diminished weight to letter from applicant's spouse in China). Lin's letters from China were authored by interested witnesses not subject to cross examination; and Lin was unfamiliar with documentation of his religious activities in the United States. *Id.*

4

Given the inconsistencies and the lack of reliable corroboration, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility ruling is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicates. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk